## HOWELL & HOWELL *vs.* ELDRIDGE.

March, 1840.

Where one of two plaintiffs dies *after judgment,* execution may issue without *scire facias* as well in *ejectment* as in a *personal action ;* but it must be in the joint names of both defendants.

This court will not intermeddle with questions of costs in chancery required to be paid as *conditions* to applications here ; but leaves that court to vindicate its own authority.

MOTION to set aside a writ of *habere facias possessionem* as issued *irregularly,* and for a new trial under the statute in an action of ejectment. The suit was originally commenced in the Suffolk common pleas, where the plaintiffs obtained a verdict in October, 1830. In *January* 1831, a new trial was granted by the common pleas, and in the month of *May* following, the cause was removed into this court by *certiorari.* Proceedings in this court were then stayed by an injunction granted by the vice chancellor of the first circuit until October, 1834, when the cause was tried (the injunction

having been modified for that purpose) and a verdict was again obtained by the plaintiffs. In February, 1836, *Stephen Howell*, one of the plaintiffs, died, having by his last will and testament devised his interest in the premises in question to *Nathaniel P. Howell*, his co-plaintiff. The suit in chancery progressed until May, 1839, when the bill was dismissed with costs, but without prejudice to an application to this court for a new trial, on condition that the defendant pay the costs of the suit in chancery, which were taxed at $249 06. In October, 1839, this court granted leave to have a judgment entered upon the verdict in October, 1834, as of October term, 1834, without prejudice, however to the right of the defendant to apply for a new trial under the statute. Judgment was accordingly entered, and on 23d October, 1839, a writ of *habere facias possessionem* was issued *in the names of both plaintiffs*, and possession delivered to the surviving plaintiff. The plaintiff resisted the motion on the grounds : 1. that the writ of possession was regularly issued, and 2. that the new trial granted by the C. P. was granted under the statute, and that consequently the defendant was not entitled to a *second new trial as a matter of course ;* and besides that the costs in chancery had not been paid. In answer to which, it appeared that the *affidavit* upon which the motion for a new trial was founded set up *newly discovered evidence* as the ground of the application; but the *notice* of the application was for a new trial under the statute *as well* as on the ground of newly discovered evidence. The rule entered in the common pleas is general, not specifying on what ground the new trial was granted.

*By the Court*, NELSON, Ch. J. The writ of *habere facias*, I am of opinion, was regular. The revised statutes do not reach the case; it rests, therefore, upon the practice at common law. The general rule in all personal actions is, that where there are two or more plaintiffs or defendants, and one dies *after judgment*, execution may be sued out without any *scire facias*, 1 Archb. 374, and cases there cited, but it must be in the joint names of all the plaintiffs or defendants, and in

other respects conform to the judgment. Id. 2 Saund. 72, (K.) note 3.

Eyre, *arguendo*, in *Penoyer* v. *Brace*, 1 Ld. Raym. 244, gives the true reason, and which was afterwrds adopted by Lord Holt. He said that where the execution of a judgment is not chargeable or beneficial to a person who was not a party to the judgment, there a *scire facias* was unnecessary, as in case of supervisorship. In that case one of five defendants had died, and Lord Holt said there was no need of a *sci. fa.*, because there was no alteration of the record, nor any new person made liable to the execution. See also 2 Ld. Raym. 808. A suggestion of the death should, however, be made on the record.

The reason of the rule does not apply in its full force to the action of ejectment under our statute; but I perceive no serious objection to it in practice. The interest of a deceased co-plaintiff would descend to the heir or pass to the devisee, and therefore not survive, but the surviving plaintiff receives the possession, and holds as well for the heir or devisee as for himself, the same as in the case of a personal action where he receives the demand, a moiety of which may belong to the personal representative of the deceased. If both plaintiffs were living, it would be entirely competent for one to receive possession under the *habere facias.* Under the old form of ejectment the question would not arise, as the nominal plaintiff never died. 4 Burr. 1970. In an anonymous case, 3 Salk. 319, it was held that *after judgment* in ejectment, where there are more plaintiffs (meaning lessors, probably,) and defendants than one, after the death of one, execution may be taken out by the survivors, without *sci. fa.*, upon making suggestion on the roll. We are, therefore, but applying to this case the rule which existed under the old form of action, where one or more of the lessors died after judgment; they were the real plaintiffs in the suit.

But without going the length which we have supposed may be maintained consistently enough, I perceive no ground for objecting to the practice in this particular case. Here it appears that the surviving plaintiff took by *devise* the right of the deceased in the premises, and is therefore the

Howell v. Eldridge.

only person interested in the execution of the writ. It would be an idle ceremony to go through the form of making himself a party to proceedings as the devisee of his co-plaintiff.

I am inclined to think a new trial should be awarded *under the statute.* 2 R. S. 235, § 37. As the affidavit on which the verdict was set aside in the common pleas, grounded the motion, exclusively, upon newly discovered evidence, and nothing in the rule indicating the contrary, it is, perhaps, but fair to presume the court acted upon it, whether rightfully or not is now immaterial. We cannot inquire into that question here. If the court placed their decision upon matters not specially relied on in the papers before them, the attorney for the plaintiffs should have had the grounds of it inserted in the rule. It should have indicated that the new trial was granted under the s atute.

As to the costs in the chancery proceedings, we take no cognizance of them. The statute prescribes the terms of granting a new trial in this actio i. and it is our guide ; nor shall we stop to inquire as to the conditions said to be imposed by the vice chancellor, as pre-requisites to the granting of this motion here, or whether they have been complied with or not. These are questions for the parties to settle before that court. Though more than three years have elapsed since the time judgment was entered, it was so entered by an order, *October*, 1839, *nunc pro tunc* as of October term, 1834, without prejudice to this application ; it comes, therefore, within the time prescribed by the act.

Ordered, that judgment be vacated and a new trial granted, on payment of all costs and damages recovered in the judgment in this court.